6537

## DAVIDSON v. COPELAND.

1. PARTNERSHIP.—Finding that a partnership between the parties for buying and selling cotton did not exist but the parties bought as brokers, disclosing their principal under an agreement only to divide commissions, but not to incur any personal liability in the purchase, affirmed.

2. REHEARING refused.

Before DANTZLER, J., Laurens, July, 1906. Affirmed.

Action by Laurens H. Davidson against Elbert W. Copeland. From Circuit judgment, plaintiff appeals.

*Mr. W. R. Richey,* for appellant, cites: *Partnership defined:* 14 S. C., 621; 18 S. C., 233. *Parties accepted and received the cotton:* 36 S. C., 69.

*Messrs. F. P. McGowan, Ferguson & Featherstone,* and *George Johnstone, contra. Mr. McGowan* cites: *This action is cognizable in equity:* 16 Cyc., 103; 17 Ency., 1254; 2 Luid. on Part., 567; 56 S. C., 303, 489. *If contract was made to avoid town license it is against public policy:* 2 Par. on Con., 3 ed., 360; Bish. Cont., secs. 476, 473; 19 Ency., 1565; 15 Ency., 1014; 103 U. S., 261; 9 Rich. L., 267; 1 Jones on Mtg., sec. 619; 1 Pom. Eq., secs. 401-2; 15 N. W., 115; 22 L. R. A., 709; Cool. on Tax., sec. 299; Pom. Eq. Jus., secs. 940, 935; 4 Pet., 184; 122 Fed. R., 925. *Brokers defined:* 2 Ency., 572, 575; 64 Ala., 1; 1 Met., 193. *One partner cannot involve the other in liability by a transaction outside of scope of partnership:* 17 Ency., 999; 1 Bail., 367, 307.

The opinion herein was filed April 18, 1907, but remittitur held up on petition for rehearing until

May 6, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action against defendant for the dissolution of an alleged partnership between them for the purpose of buying and selling cotton, an accounting, and for judgment for whatever sum should be found due plaintiff, alleging specially that defendant should contribute one-half of a loss of $1,961.07 by said firm in the purchase of a large lot of cotton from James S. Blalock, at Goldville, S. C., March 1st, 1899, which losses plaintiff had paid from his individual property.

The cause was heard before Judge Dantzler on testimony taken by Lewis W. Simkins, Esq., and R. E. Babb, Esq., and reported to the Court. Judge Dantzler dismissed the complaint and the plaintiff appealed on numerous exceptions, raising principally questions of fact.

Judge Dantzler held that there was not a partnership between plaintiff and defendant for the buying and selling of cotton as alleged. "Previous to, and during the month of February, 1899, the plaintiff and the defendant, as individuals and in different localities, were buying cotton for Heath-Reid Jobbing & Commission Company, Cotton Factors, Charlotte, N. C., at a commission of twenty-five cents per bale. On the 22d day of February, 1899, the parties hereto agreed verbally (over telephone) to purchase from one Blalock a certain lot of cotton, consisting of eight hundred and eighty-six bales, at a certain price, according to grade, for Heath-Reid Jobbing & Commission Company, at a commission of twenty-five cents per bale, such commission to be equally divided between them. The lot of cotton having been rejected by said commission company, the plaintiff paid for the same by his individual check, dated March 1st, 1899, on Bailey's Bank, of Clinton, in the sum of $24,758.19. After holding the cotton so paid for by him until May 26th, 1899, he sold it for the sum of $23,989.00. The expenses incident to the holding, etc., of the cotton amounted to the sum of $1,191.88, which, added to $769.19, the difference between the amount paid for the cotton and the amount for which it was sold,

represents a loss on the transaction of $1,961.07. To recover the one-half of this loss, the plaintiff brings this suit against the defendant."

The Circuit Court further held "that this transaction was the only one in which the plaintiff and defendant were jointly interested, and they were so interested only to the extent of a commission of twenty-five cents a bale;" "that plaintiff and defendant contemplated no personal loss incident to the parol agreement to purchase for Heath-Reid Jobbing & Commission Company." Each of them at the time expected one-half of the commissions allowed, with no contingency of any personal liability to either of them considered. They were negotiating for the purchase of the cotton from Blalock for Heath-Reid Jobbing & Commission Company, acting in the capacity of brokers for the latter, with the name of the principal disclosed to Blalock as evidence by the confirmation by the latter to Heath-Reid Jobbing & Commission Company, through the plaintiff, over the telephone, of the price agreed for the sale of the cotton. Neither the plaintiff nor the defendant was to pay for cotton, their principal was to pay for it; and from a consideration of the contents of the letters of the 22d and of the 24th of February, 1899, hereinbefore set out, it is reasonable to conclude that Blalock knew of the source of payment. and also knew of the relation which the plaintiff and the defendant sustained to Heath-Reid Jobbing & Commission Company in the negotiations for the purchase of the cotton. The commission of the parties hereto was not contingent upon the price to be paid for the cotton, or upon the price which their principal may have received upon a resale of it. They were interested in no sense in the rise and fall of the cotton market. It is true the plaintiff testified, "I was to furnish the money, Mr. Copeland to do the grading, and we both go halves." But the statement is wholly inconsistent with his other testimony and with the facts, as I find them.

"Pending the final negotiations for the purchase of the cotton, Heath-Reid Jobbing & Commission Company, by

telegram, dated February 24th, 1899, notified the plaintiff as follows: 'Don't do anything until our man arrives, be there Monday morning sure.' Notwithstanding the above notice, the cotton seems to have been weighed on Saturday, the 25th of February, 1899, the defendant being present a portion of the time. The inspector arrived on the 27th of February, the following Monday, and, after examining the cotton, returned to Charlotte, N. C., and made his report to Heath-Reid Jobbing & Commission Company, and upon that report that company declined to accept or receive the cotton, for the reason that the same was not as represented. Thereafter, on March 1st, 1899, the plaintiff purchased the cotton, paying for the same by his individual check. * * * When the plaintiff paid for the cotton, on March 1st, 1899, he was not acting for Heath-Reid Jobbing & Commission Company, or jointly for the defendant and himself. He acted for himself alone and must bear the loss resulting from his conduct."

The decree of Judge Dantzler contained a very full and careful consideration of the testimony in the case, and the foregoing extracts sufficiently show his conclusions of fact, to which exception has been taken.

There was no doubt conflict in the testimony and room for honest differences of opinion as to the correct inferences to be drawn therefrom, but after careful consideration we are unable to say that the preponderance of the evidence is against the conclusions of the Circuit Court.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

May 6, 1907. PER CURIAM. After careful consideration of the petition herein, the Court is satisfied that no material question of law or fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittitur be revoked.